FORTENBURY *vs.* NICHOLS.

A rule, established by a Circuit Court, that on the first and second calling of the docket, all motions, dilatory pleas and demurrers shall be disposed of; and if either be still in on the third calling, and then adjudged against the defendant, judgment *nil dicit* shall go; is both reasonable and just.

THIS was an action of Trover, determined in the Izard Circuit Court, in April, 1843, before the Hon. THOMAS JOHNSON, one the circuit judges. Nichols sued in Independence circuit court, to December Term, 1839. At that term the defendant changed the venue to Randolph county. Nothing was then done until April, 1841, when in Randolph Circuit Court, the cause was, "by consent of parties and for want of jurisdiction," stricken from the docket and sent back to Indepen-

dence. In December, 1841, the defendant compelled the plaintiff to give security for costs. At the same time, *no pleas having been put in, or any defence interposed*, the case was tried by a jury, "on the issues joined;" and the jury not agreeing were discharged, and the case continued. In June, 1842, the defendant moved to strike the case from the docket for want of jurisdiction. Motion overruled, and he changed the venue to *Izard*. In October, 1843, the docket being called the third time, and no plea being in, the plaintiff moved for judgment by default, under certain rules of the circuit court, providing that all motions, demurrers and pleas in abatement should be disposed of on the first and second calling of the docket, and if undisposed of until the third call, and then decided against the defendant, judgment should go by *nil dicit*. The defendant asked leave to plead the general issue—insisted that such plea had been filed before the former trial, and asked a certiorari to perfect the record. His motions were overruled, and judgment by default entered, the damages assessed by a jury to $30. Judgment accordingly; and appeal.

The case was argued here by *Linton & Batson* for appellant; and *W. Byers* and *Fowler*, contra.

*By the Court*, LACY, J. The point to be decided in this case has exclusive reference to a question of practice. The circuit court adopted certain rules on the subject, and required the bar to conform to them. These rules in themselves appear to us both reasonable and just, and well calculated to promote the ends of justice. One of these rules is, that on the first and second calling of the docket, all motions, dilatory pleas and demurrers are required to be disposed of; and on the third calling of the docket, if the motion, plea or demurrer be still in and adjudged against the party pleading it, judgment shall be given by *nil dicit*. In this rule there is neither hardship nor inconvenience. Frivolous objections and dilatory pleas are always disregarded; and the party who relies on them, must be satisfied they can and will be sustained; and if they are determined against him, he is entitled, as matter of right, to no further indulgence by the rule. And in this instance there seems to have been no abuse of the discretion

by the court. The cause had been standing some time on the docket, had been repeatedly continued, and on calling the case for the third and last time, there being no plea to the merits, judgment was entered by default. And in even asking to plead over, the party insisted on bringing up a record of another court by certiorari, which he alleged contained a plea of the general issue. In refusing him leave to plead over under such circumstances, we can perceive no error or abuse of discretion.　　　　　　Judgment affirmed.